IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES CARSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff<br><br>v.<br><br>NEW PENN FINANCIAL, LLC<br>d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>    Defendant | C.A. No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, James Carson (hereafter also referred to as "Plaintiff'), brings this class action against New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing (hereafter also referred to as "NPF" or "Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter also referred to as "FDCPA") which prohibit debt collectors, such as Defendant, from engaging in abusive, deceptive and unfair collection practices in their debt collection activities.  The Defendant sought to collect a debt, and/or collected debts, from the Plaintiff and other Rhode Island residents despite not being licensed in Rhode Island as a servicer or a debt collector.

### PARTIES

1.    Plaintiff, James Carson, is a resident of Johnston, Rhode Island, and is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

2.    Defendant, New Penn Financial, d/b/a Shellpoint Mortgage Servicing , has its principal office located at 4000 Chemical Road, Suite 200, Plymouth Meeting, PA 19426.  NPF,

1

in its ordinary course of business, regularly collects or attempts to collect, directly or indirectly, consumer debt, owed or purported to be owed, by consumers that did not originate with NPF, but rather debt that NPF purchased and/or obtained from others while such debt was in default. NPF is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 which grants the Court original jurisdiction over the federal claims herein. Subject matter jurisdiction also arises under 15 U.S.C. § 1692k(d) which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1391(b) as the named Plaintiff resides in this District, and Defendant has engaged in the conduct complained of in this District.

## NATURE OF THE ACTION AND RELEVANT FACTS

5. Congress found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors and enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e).

6. The FDCPA is a comprehensive statute, which prohibits categories of debt collection activities. In addition to broad prohibitions of debt collector actions, the FDCPA enumerates several actions that debt collectors are prohibited from taking.

7. The FDCPA is a strict liability statute, where a consumer does not need to show intentional conduct by a debt collector for debt collector liability to arise, is construed liberally in favor of the consumer, and is usually interpreted by the Courts in accordance with the "least sophisticated" consumer standard.

8. The Defendant is a debt collector whose actions alleged in this complaint constitute abusive debt collection practices in violation of the FDCPA which prohibits debt collectors, such as Defendant from using "any false, deceptive or misleading representations or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.

9. Defendant regularly engage in the business of collecting mortgage debt on loans it acquired after the loans were in default. Therefore, the Defendant is deemed a "debt collector" as that term is defined in the FDCPA.

10. Plaintiff is a "consumer," as that term is defined in the FDCPA, who incurred consumer debt relating to consumer purchases primarily for family, personal or household purposes.

11. The Plaintiff fell behind on his mortgage payments after suffering a severe injury at work. The Defendant acquired the Plaintiff's loan when it was already in default.

12. The Defendant attempted to collect on the Plaintiff's loan and initiated the foreclosure process by sending the Plaintiff a series of letters demanding payment and notifying him of the pending foreclosure proceeding being brought against him by the Defendant. These written letters and notices were "communications" as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

13. On or about September 29, 2017, the Plaintiff discovered that the Defendant was not licensed as a servicer in Rhode Island. On October 2, 2017, the Plaintiff filed a complaint with the Department of Business Regulation, Division of Banking (hereafter also referred to as "DBR") regarding the Defendant's failure to be licensed as a loan servicer. The Plaintiff also

obtained a preliminary injunction in Superior Court stopping the foreclosure process, which case was later dismissed without prejudice.

14. Per Rhode Island law, as of July 1, 2015, "[n]o person shall engage within this state in the business of . . . [s]ervicing a loan, directly or indirectly, as a third-party loan servicer . . . without first obtaining a license or registration from the [Department] director or the director's designee." R.I. Gen. Laws § 19-14-2(a)(8)."

15. After the filing of the Plaintiff's complaint with the DBR, the Defendant applied for a license to service loans in Rhode Island. The DBR granted the Defendant's license subject to the Defendant's execution of a Consent Agreement whereby the Defendant paid an administrative assessment of Ten Thousand One Hundred Eighty-Four dollars ($10,184.00) and agreed to fulfill any outstanding third-party loan servicer and branch application requirements.

16. On February 13, 2018, the Defendant executed the Consent Agreement with the DBR regarding its unlicensed loan servicing in Rhode Island.

17. Both before and after the Plaintiff's complaint to the DBR, the Defendant had applied for servicing licenses in other states and was aware of state requirements that it had to be licensed in a given state to service loans.

18. On or about October 25, 2017, the Plaintiff also discovered that the Defendant was not licensed as a debt collector in the state of Rhode Island. At that time, the Plaintiff raised this issue in writing to the DBR and later filed a written complaint to the DBR in November of 2017.

19. The DBR has not provided a formal response to the Plaintiff's complaint that the Defendant is an unlicensed debt collector. To the Plaintiff's knowledge, the Defendant has not registered as a debt collector in Rhode Island.

20. The Defendant, while an unlicensed servicer and an unlicensed debt collector, acquired the Plaintiff's loan and other loans in Rhode Island, while they were in default for the purposes of collecting on said loan, attempted to collect on the loan and/or pursued foreclosure. The Defendant continues to act as a debt collector in the State of Rhode Island on loans it acquired after they were in default.

21. The Defendant has willingly and knowingly acted as an unlicensed servicer and an unregistered debt collector in the State of Rhode Island.

22. The Defendant's conduct of failing to be licensed as a servicer and registered as a debt collector constitutes unfair and unconscionable means of debt collection in violation of the FDCPA and constitutes threats to take actions that the Defendant is not entitled by law to take in further violation of the FDCPA.

23. Defendant's actions as alleged in this complaint are the type of abusive, deceptive, and unfair collection practices the FDCPA is designed to eliminate.

24. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages, statutory damages, attorney fees and costs. 15 U.S.C. § 1692k

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and the following Class and Subclass pursuant to Fed. R. Civ. P. 23:

CLASS:

All persons who reside in the State of Rhode Island whose mortgage loan was serviced by NPF while it was an unlicensed servicer and from whom NPF collected fees, interest and/or any other charge.

SUBCLASS:

All persons who reside in the State of Rhode Island whose mortgage loan was in default when it was acquired by NPF and from whom NPF

5

collected and/or attempted to collect mortgage debt, fees interest and/or any other charge.

26. Excluded from the Class and Subclass are Defendant; any parent, subsidiary, or affiliate of Defendant or any employees, officers, or directors of Defendant; legal representatives, successors, or assigns of Defendant; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer.

27. **Numerosity**. Each Class and Subclass are so numerous and dispersed that joinder of all members is impracticable. Upon information and belief based on the documents obtained from the DBR, there are hundreds of members in the Class and hundreds of members in the Subclass. The exact number of Class and Subclass members is unknown but can be determined from, including but not limited to, the Defendant's computerized and other records.

28. **Commonality**. There are numerous and substantial questions of law and fact that are common to all members of the Class and Subclass, which questions predominate over any question affecting only individual Class and Subclass members. The members of the Class and Subclass were and continue to be subjected to the same practices of the Defendant. The common questions and principal common issues raised by Plaintiffs claims include:

   a. whether Defendant is a debt collector pursuant to the FDCPA;

   b. whether Plaintiff is a consumer pursuant to the FDCPA;

   c. whether Defendant violated the FDCPA with Plaintiff and the Class and Subclass through its actions as described herein;

   d. whether Plaintiff and the Class and Subclass have been damaged resulting from the alleged FDCPA violations, and if so what is the appropriate damage relief for Defendant's violations;

    e.    whether the Defendant was unjustly enriched by earning fees and collecting payments, interest and charges from the Class and Subclass while being unlicensed and should be ordered to disgorge all ill-gotten gains;

    f.    the nature and extent of any other remedies and injunctive relief, to which Plaintiff and the Class and Subclass are entitled.

29.    **Typicality.**  Plaintiff's claims are typical of the claims of all the other Class and Subclass members, because Plaintiff's claims are based on the same legal and remedial theories as the claims of the Class and Subclass and arise from the same course of conduct by Defendant.

30.    **Adequacy.**  Plaintiff will fairly and adequately protect the interest of all Class and Subclass members in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class and Subclass he seeks to represent. Plaintiff has retained counsel experienced in handling class action lawsuits. Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue this action.

31.    **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the Class and the Subclass is impracticable. Even if individual Class and Subclass members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Defendant has subjected the entire Class and Subclass to the same violations of the FDCPA. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendant's uniform violations of the FDCPA predominate over individual issues, and class certification is a superior method of resolving these claims. No unusual difficulties are likely to be encountered in the management of this action as a class

action. The Defendant has acted and continues to act in a manner that is generally applicable to all members of the Class and Subclass making final injunctive relief appropriate.

## CAUSES OF ACTION

## COUNT 1

### Violation of the FDCPA, 15 U.S.C. § 1692e(2)(A) and § 1692e(2)(A)

32. Plaintiff, on behalf of himself and the Class and the Subclass, hereby incorporates by reference the allegations contained in all the preceding paragraphs of this complaint.

33. The Defendant is a debt collector whose actions alleged in this complaint constitute abusive debt collection practices in violation of the FDCPA which prohibits debt collectors, such as Defendant from using "any false, deceptive or misleading representations or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.

34. Defendant regularly engages in the business of collecting mortgage debt on loans it acquired after the loans were in default.  Therefore, the Defendant is deemed a "debt collector" as that term is defined in the FDCPA.

35. Plaintiff and class members are "consumers," as that term is defined in the FDCPA, who incurred consumer debt relating to consumer purchases primarily for family, personal or household purposes.

36. The Defendant acquired the loans of the Plaintiff and the Subclass when they were already in default.

37. The Defendant attempted to collect on the Plaintiff's loan and initiated the foreclosure process by sending the Plaintiff notices demanding payment and notifying Plaintiff

of the pending foreclosure proceeding.  These notices were "communications" as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

38.     On or about September 29, 2017, the Plaintiff discovered that the Defendant was not licensed as a servicer in Rhode Island.  On October 2, 2017, the Plaintiff filed a complaint with the DBR regarding the Defendant's failure to be licensed as a loan servicer.  The Plaintiff also obtained a preliminary injunction in Superior Court stopping the foreclosure process, which case was later dismissed without prejudice.

39.     Per Rhode Island law, as of July 1, 2015, "[n]o person shall engage within this state in the business of . . . [s]ervicing a loan, directly or indirectly, as a third-party loan servicer . . . without first obtaining a license or registration from the [Department] director or the director's designee." R.I. Gen. Laws § 19-14-2(a)(8)."

40.     After the filing of the Plaintiff's complaint with the DBR, the Defendant applied for a license to service loans in Rhode Island.  The DBR granted the Defendant's license subject to the Defendant's execution of a Consent Agreement whereby the Defendant paid an administrative assessment of Ten Thousand One Hundred Eighty-Four dollars ($10,184.00) and agreed to fulfill any outstanding third-party loan servicer and branch application requirements.

41.     On February 13, 2018, the Defendant executed the Consent Agreement with the DBR regarding its unlicensed loan servicing in Rhode Island.

42.     Both before and after the Plaintiff's complaint to the DBR, the Defendant had applied for servicing licenses in other states and was aware of state requirements that it had to be licensed in a given state to service loans.

43.     On or about October 25, 2017, the Plaintiff also discovered that the Defendant was not licensed as a debt collector in the state of Rhode Island. At that time, the Plaintiff raised

this issue in writing to the DBR and later filed a written complaint to the DBR in November of 2017.

44. The DBR has not provided a formal response to the Plaintiff's complaint that the Defendant is an unlicensed debt collector. To the Plaintiff's knowledge, the Defendant has not registered as a debt collector in Rhode Island.

45. The Defendant, while an unlicensed servicer and an unregistered debt collector, acquired the Plaintiff's loan and other loans in Rhode Island, while they were in default for the purposes of collecting on said loan, attempted to collect on the loan and/or pursued foreclosure. The Defendant continues to act as a debt collector in the State of Rhode Island on loans it acquired after they were in default.

46. The Defendant has willingly and knowingly acted as an unlicensed servicer and an unregistered debt collector in the State of Rhode Island.

47. The Defendant's conduct of failing to be licensed as a servicer and registered as a debt collector constitutes unfair and unconscionable means of debt collection in violation of the FDCPA and constitutes threats to take actions that the Defendant is not entitled by law to take in further violation of the FDCPA.

48. Defendant's actions as alleged in this complaint are the type of abusive, deceptive, and unfair collection practices the FDCPA is designed to eliminate.

49. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages, statutory damages, attorney fees and costs, 15 U.S.C. § 1692k

## COUNT II

### Violation of the FDCPA, 15 U.S.C. § 1692e(10)

50. Plaintiff, on behalf of himself and the Subclass, hereby incorporates by reference the allegations contained in all the preceding paragraphs of this complaint.

51. A debt collector violates 15 U.S.C. § 1692e(10) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "any false representation or deceptive means to collect or attempt to collect any debt."

52. Defendant routinely collected debt while not being licensed as a servicer or registered as a debt collector. Holding itself out as servicer and debt collector in Rhode Island without being licensed or registered constitutes a false representation or deceptive means to collect or attempt to collect a debt.

## COUNT III

### Unjust Enrichment

53. Plaintiff, on behalf of himself and the Class and the Subclass, hereby incorporates by reference the allegations contained in all the preceding paragraphs of this complaint.

54. At all relevant times hereto, the Defendant was not licensed as a servicer or registered as a debt collector in the State of Rhode Island. Despite not being licensed or registered, the Defendant charged and/or collected debt, fees, interest and charges from the Plaintiff and Class and Subclass members increasing its revenues and profits.

55. The Defendant's collection of said debt, fees, interest and charges while unlicensed and unregistered constitute the illegal operation of its business in Rhode Island warranting the voiding and disgorgement of all servicing fees, charges and costs charged to and/or collected from the Plaintiff and the Class and Subclass members during the time period it was unlicensed and unregistered.

## COUNT IV

### **Declaratory Judgment**

56. Plaintiff, on behalf of himself and the Class and the Subclass, hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

57. At all relevant times hereto, the Defendant was not licensed as a servicer or registered as a debt collector in the State of Rhode Island. Despite not being licensed or registered, the Defendant charged and/or collected debt, interest, fees and charges from the Plaintiff and class members increasing its revenues and profits.

58. The Defendant's collection of said debt, fees, interest and charges while unlicensed and unregistered constitute the illegal operation of its business in Rhode Island warranting the voiding and disgorgement of all servicing fees, charges and costs charged to and/or collected from the Plaintiff and the Class and Subclass members during the time period it was unlicensed and unregistered.

59. The Plaintiff and the Class and Subclass members seek a judgment declaring that the Defendant's collection actions during the time it was not licensed or registered are void as a matter of law warranting the refund of said monies.

### **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Class and Subclass and request the following relief:

a. an award of actual and/or statutory damages as allowed by the FDCPA;

b. the refund and/or of all debt, interest, fees and charges collected and/or charged by the Defendant to the Plaintiff and the Class and Subclass members;

c. the disgorgement of all ill-gotten gains obtained while the Defendant was unlicensed and unregistered;

d. a declaration that the Defendant's collection actions while unlicensed and unregistered are void as a matter of law;

e. punitive and/or exemplary damages as allowed by law;

f. an award of attorney's fees and costs as allowed by the FDCPA;

g. pre and post-judgment interest;

h. such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable

Dated:  September 24, 2018            Respectfully submitted,

**LAW OFFICES OF PETER N. WASYLYK**
*/s/ Peter N. Wasylyk*
Peter N. Wasylyk (RI Bar No. 3351)
1307 Chalkstone Avenue
Providence, RI 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064
Email: pnwlaw@aol.com

**PHILLIPS GARCIA LAW**
Carlin Phillips*
13 Ventura Drive
Dartmouth, MA 02742
Telephone: (508) 998-0800
Facsimile: (508) 998-0919
Email: cphillips@phillipsgarcia.com

*Pro Hac Vice* Forthcoming

*Attorneys for Plaintiff*